UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST BANK & TRUST** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3524** |
| **JEFFREY O. SWOPE AND MELISSA MILLER SWOPE** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that First Bank & Trust's motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #7.)

### I. BACKGROUND

On February 14, 2007, First Bank and Trust (First Bank) filed a petition for executory process and for writ of seizure and sale of properties in Civil District Court for the Parish of Orleans, State of Louisiana, against Jeffrey O. Swope and Melissa Miller Swope (the Swopes). First Bank alleged that it was a holder and owner for value of six promissory notes in the amount of more than $2,500,000, and that all notes were secured by four mortgages on three properties executed by Jeffrey Swope or the Swopes.[1]  Jeffrey Swope also granted First Bank a security

---

[1] On March 13, 2007, First Bank amended the executory petition to delete Note 5 from the petition because it intended to proceed by ordinary process.

interest in his ownership interest in Vulcan Energy Solutions, L.L.C. (Vulcan).  First Bank sought to exercise its option and accelerate all sums due under certain notes.

In a supplemental and amending petition filed on September 6, 2007, First Bank converted the matter to an ordinary proceeding and added as a defendant Prytania Partners, Inc., a Missouri corporation and a co-maker on three of the six promissory notes.  In a second supplemental and amending petition filed on April 18, 2008, First Bank added as defendants Vulcan, Vulcan Capital, L.L.C. (Capital), Ford F. Graham, and Kevin C. Davis, alleging that they conspired with the Swopes to fraudulently, intentionally, and/or negligently misrepresent the financial condition of the Swopes to First Bank, causing First Bank to extend a series of loans to the Swopes.  First Bank alleged that the Swopes, with the assistance of the other defendants, represented that they were in a financial condition that was far superior to their true financial condition so that First Bank would extend loans and would not seek to enforce legal remedies against them.  Ultimately, the loans went into default, and First Bank was left with a pledge of assets estimated at $2,803,142 that did not exist or that had been refunded to Jeffrey Swope to the detriment of First Bank.

With the consent of Jeffrey Swope and Prytania Partners, Inc.,[2] on May 21, 2008, Vulcan, Capital, Graham, and Davis removed the case to federal court based on diversity jurisdiction.[3]

---

[2]  Melissa Swope was not served with the amended ordinary petition.  She was not a Louisiana citizen when the amended ordinary petition was filed.

[3]  First Bank is a Louisiana corporation; Vulcan is a limited liability company with members who are citizens of North Carolina, Delaware, New Jersey, and New York; Capital is a limited liability with members who are citizens of New Jersey and New York; Graham is a citizen of New Jersey, Davis is a citizen of New York; Prytania Partners is a citizen of Missouri;

First Bank filed a motion to remand the matter to state court, arguing that diversity of citizenship does not exist.

## II. DISCUSSION

**A. Legal standard**

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  To determine whether jurisdiction is present for removal, the court considers "the claims in the state court petition as they existed at the time of removal." Id.

"The existence of diversity jurisdiction is determined at the time suit is filed. Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873, 876 n.5 (5th Cir. 2004).  "In determining citizenship for purposes of jurisdiction, the term citizenship is synonymous with domicile." Martin v. Lafon

---

and Jeffrey Swope is a citizen of New York.  The defendants contend that Melissa Swope is a citizen of Texas and that she has not been served with the ordinary petition.

Nursing Facility of the Holy Family, 548 F.Supp. 2d 268, 273 (E.D.La. 2008) (citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). Mere residence in a state is insufficient to establish citizenship. Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).

**B.  Diversity jurisdiction**

Plaintiff contends that there is not complete diversity among the parties as required under § 1332 because Melissa Swope was a citizen of Louisiana at the time the original petition was filed on February 14, 2007. The defendants contend, however, that the relevant date for diversity purposes is September 6, 2007, when First Bank converted the executory proceeding to an ordinary proceeding and the case became removable. They argue that Melissa Swope was a citizen of Texas on that date and provide evidentiary support of her Texas citizenship with a 1) a declaration of Melissa Swope that she is a resident of Texas and intends to remain and 2) First Bank's request for service of the petition for ordinary process filed on September 6, 2007, on Melissa Swope in Texas under the long-arm statute. See Preston v. Tenet Healthsys. Mem'l Med. Ctr. Inc., 485 F.3d 793, 798 (5th Cir. 2007) ("Domicile requires the demonstration of two factors: residence and the intention to remain.").

The defendants are correct that, at the time the executory proceeding was filed in state court, it was not removable to federal court. "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." La. Code Civ. Pro. art. 2631. A federal court cannot issue a writ of seizure and sale in an executory proceeding because the lack of a requirement of citation

4

and judgment before seizure and sale of property does not comply with Rules 4(b) and 12(a) of the Federal Rules of Civil Procedure, which require that a summons and complaint be served on the defendant to answer within 20 days.  See FDIC v. Saxena, 1994 WL 202364 (E.D. La. 1994) (unpublished).  Seizure of the property became available in federal court when the action was converted to an ordinary proceeding, which comports with the federal rules.  See id.

However, the issue of when the case became removable does not answer the question of whether the well-settled rule of determining the citizenship of the parties on the date of filing applies in this case.  The court begins by examining Louisiana's treatment of a petition for executory proceeding.

"A person seeking to enforce a mortgage or privilege on property in an executory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege.  This petition shall comply with Article 891,[4] and the plaintiff shall submit therewith the exhibits mentioned in Article 2635."  La. Code Civ. Pro. art 2634.  The "Official Revision Comments–1960" for article 2634 states that the article changed procedural theory, but not prior practice, in Louisiana as follows:

> Heretofore, the petition in an executory proceeding was not considered technically a "petition," and hence the provisions of the Pleading and Practice Act had no application.  Under this article, however, the petition is an executory proceeding is governed by the rules applicable to petitions in ordinary proceedings.

Because the filing of a petition for executory proceeding is treated the same as the filing of an ordinary proceeding under Louisiana law, the action was filed in state court on February

---

[4] Article 891 sets forth the general rules for the form of the petition for all causes of action arising under the occurrence that is the subject matter of the litigation.

5

14, 2007. All subsequent filings by First Bank in the case were amendments to the original petition. Finding no reason to deviate from the rule that diversity jurisdiction is determined at the time suit is filed, the court concludes that the relevant date to determine whether the parties were diverse is when the original petition was filed on February 14, 2007.

The defendants do not present evidence to dispute that Melissa Swope was a citizen of Louisiana on February 14, 2007.[5] Rather, the defendants argue that Melissa Swope was not served with the executory proceeding filed on February 14, 2007.

"A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Id.

There is no allegation that Melissa Swope was not sued by First Bank in good faith. Therefore, the fact that Melissa Swope was not served with the original petition for executory process has no bearing on her non-diverse citizenship on the date of the filing of the original petition.

---

[5] Although First Bank does not allege that Jeffrey Swope was a citizen of Louisiana at the time the original petition was filed, an e-mail from Jeffrey Swope to Patrick Orillion on May 8, 2007, exhibit N attached to the Notice of Removal, indicates that Jeffrey Swope considered the property on Third Street in New Orleans, Louisiana, to be his permanent domicile before the property was seized and sold on May 10, 2007.

Accordingly, the parties are not diverse, and subject matter jurisdiction is lacking.[6] First Bank's motion to remand is granted, and the case is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __25th__ day of August, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[6] Because diversity jurisdiction is lacking, the court does not address the timeliness of the removal.